## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD DEWAYNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 2:13-cv-01323-JHE |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | | |

### MEMORANDUM OPINION[1]

Plaintiff Gerald Dewayne Williams ("Williams") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). Williams timely pursued and exhausted his administrative remedies. The case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Williams was a forty-six year old male at the time of the Administrative Law Judge ("ALJ") decision. (Tr. 29). Williams has a high school education and previously worked as a machine operator, sales-route driver, forklift operator, industrial cleaner, and heavy truck delivery driver. (*Id.*).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 13).

Williams filed his application for a period of disability, DIB, and SSI on March 23, 2010, alleging an initial onset date of January 23, 2010. (Tr. 146-53). The Commissioner denied Williams's application, (tr. 93-97), and Williams requested a hearing before an ALJ, (tr. 101-02). After a hearing, the ALJ denied Williams's claim on January 23, 2012. (Tr. 30). Williams sought review by the Appeals Council, but it declined his request on May 15, 2012. (Tr. 1-5). On that date, the ALJ's decision became the final decision of the Commissioner. On July 16, 2013, Williams initiated this action. (*See* doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*,

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

985 F.2d 528, 531 (11th Cir. 1993).  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a).  To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine, in sequence:

(1)     whether the claimant is currently employed;
(2)     whether the claimant has a severe impairment;
(3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4)     whether the claimant can perform his or her past work; and
(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R.

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2013.

section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999);

*accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has

satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed

impairment.  If the claimant does not have a listed impairment but cannot perform her work, the

burden shifts to the [Commissioner] to show that the claimant can perform some other job."

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The

Commissioner must further show such work exists in the national economy in significant

numbers.  *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation

process, the ALJ made the following findings:

At Step One, the ALJ found Williams met the insured status requirements of the Social

Security Act through September 30, 2012, and that Williams had not engaged in substantial

gainful activity since January 23, 2010, the alleged onset date of his disability.  (Tr. 22).  At Step

Two, the ALJ found Williams has the following severe impairments:  disc protrusion at C5-6,

headaches, depressive disorder, anxiety disorder, and pain disorder associated with psychological

factors and general medical condition.  (*Id.*).  At Step Three, the ALJ found Williams does not

have an impairment or combination of impairments that meets or medically equals one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 23).

Before proceeding to Step Four, the ALJ determined Williams's residual functioning

capacity ("RFC"), which is the most a claimant can do despite his impairments.  *See* 20 C.F.R. §

404.1545(a)(1).  The ALJ determined Williams has the RFC to perform less than the full range

of light work, being able to lift and carry 20 pounds occasionally and 10 pounds frequently with

4

the same true for pushing and pulling with the upper and lower extremities. (Tr. 24). He can stand and/or walk, with normal breaks, for a total of about six hours in an eight-hour day, and the same for sitting. (*Id.*). He is limited to occasional overhead reaching but frequent horizontal reaching. (*Id.*). He cannot climb ladders, ropes, or scaffolds and should avoid all exposure to hazards, such as unprotected heights, commercial driving, and hazardous machinery. (*Id.*). He can maintain attention and concentration for two-hour periods, with all customary rest breaks, and he can understand, remember and carry out short, simple instructions and tasks but would likely have trouble with more-detailed tasks and instruction. (*Id.*). The claimant would likely miss one to two days a month due to psychological symptoms, and contact with the public should be infrequent and non-intense, supervision should be tactful and constructive, and non-threatening changes in the workplace should be infrequent and gradually introduced. (Tr. 25).

At Step Four, the ALJ determined Williams is unable to perform any past relevant work. (Tr. 29). At Step Five, the ALJ determined, based on Williams's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy Williams could perform. (*Id.*). Therefore, the ALJ determined Williams has not been under a disability and denied Williams's claim. (*Id.*).

## V. Analysis

Although the Court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The Court, however, "abstains from reweighing the evidence or substituting its own judgment

for that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence supports the ALJ's determination Williams failed to demonstrate a disability. Williams contends the ALJ's erred by giving improper weight to the opinion of a treating physician and failing to develop the record. (Doc. 15). The record indicates otherwise.

### A. The ALJ Did Not Err in Rejecting the Opinion of a Treating Physician

Williams contends the ALJ erred by rejecting the opinion of Williams's treating physician, Dr. William Barr III. (Doc. 15 at 5-7). Under 20 C.F.R. § 404.1527(c)(2), a treating physician's opinion is given controlling weight where it is "supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Accordingly, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440. Good cause to reduce the weight given to a treating physician's opinion exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

Williams contends the ALJ's articulated reasons for rejecting Dr. Barr's opinion are not supported by substantial evidence. (*See* doc. 15 at 7) (citing evidence he believes is contrary to that upon which the ALJ relied). However, the MRI to which Williams cites, (doc. 15 at 7), was done before consultant Dr. Robert Heilpern's examination, and Dr. Heilpern took the MRI into account in his opinion upon which the ALJ relied. (*See* tr. 252 & 283). Williams also argues it was his persistent pain that required the neurological evaluations in the first place, (doc. 15 at 7);

however, it is not that he alleges pain or that he was treated for pain that are at issue but the degree of pain and the extent to which it affects his ability to work.  Last, Williams contends the ALJ's statement Williams "does not have a cervical disc problem that requires surgery" does not reflect "the standard measurement of pain levels and severity."  (Doc. 15 at 7).  Williams includes no authority or any further argument for this proposition.  Regardless, the ALJ provides other sufficient evidence to support his conclusion regarding Dr. Barr's opinion letter.

The ALJ rejected Dr. Barr's opinion because Dr. Barr's own records showed the medications were successful at treating the pain and his headaches may have been related to Williams's abuse of analgesics and failure to share with his doctors what medications he was taking in addition to what he was prescribed.  (Tr. 28).  (*See also* tr. 360 (in which Dr. Barr notes:  "He describes the medication as 'fantastic'. . . . 'You saved my life' with changes of [Williams's] medications."), 361 (in which Dr. Barr notes:  "[Williams's headaches] could be analagesic [sic] rebounds because I did not know he was taking some [sic] much aspirin. . . . Once she [sic] is off it, we may be able to get a better handle on his headaches.")).  The ALJ also noted the statement regarding an inability to sit or stand for long periods was inconsistent with the recorded signs, symptoms, and treatment records.  (Tr. 28).  (*See also* tr. 260 (in which Dr. R.J. Johnson found in April 2010 that Williams "stands and walks normally" with "no lateralizing deficit or tenderness in movement of any of his extremities or his neck"), 275 (listing Williams's daily activities as including "wash[ing] the clothes, cook[ing] the meals, wash[ing] the dishes, and clean[ing] the house), 347 (in which Dr. Barr stated in March 2011 after discussing Williams's complaints of pain:  "He has not had any progressive neurological decline. He continues to be able to function, mowed his yard front and back but had to rest between doing the front and back.")).

The record contains such relevant evidence as a reasonable person would accept as adequate to support the ALJ's decision to reject the opinion letter of Dr. Barr. As this constitutes substantial evidence and is based on application of the proper legal standards, the undersigned may not override that conclusion.

### B.  The ALJ Did Not Fail to Properly Develop the Record

Williams supports his assertion the ALJ failed to develop the record by stating the ALJ did not order other examinations he could have ordered. (Doc. 15 at 8-9). It is true "[t]he ALJ has a duty to develop the record fully and fairly"; however, "the ALJ is not required to order an examination if it is not necessary to enable the ALJ to make a disability determination." *Outlaw v. Barnhart*, 197 F. App'x 825, 828 (11th Cir. 2006).

Williams notes Dr. Robert Heilpern reviewed the file at the Disability Determination Service (DDS) level on May 25, 2010 and gave a consultative opinion based on treating evidence through April 12, 2010, and an ophthalmological consultative exam on April 27, 2010, and that that evidence was supplemented after that time with records from various treating sources. (*Id.* at 8). He does not argue this is insufficient evidence to make a determination of disability; instead, he argues the ALJ gave significant weight to Dr. Heilpern's 2010 opinion without getting a more recent consultative opinion. (*Id.*). That is not the same as failing to fulfill the obligation to develop a full and fair record.

The ALJ considered all of the treating physician records, before and after the consultative examinations in 2010, and determined they supported the continued viability of the DDS physicians' consultative opinions and did not support the letter from Williams's treating neurologist, Dr. Barr. (Tr. 28). This does not constitute a failure to develop the record.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income is **AFFIRMED** and this action is due to be **DISMISSED WITH PREJUDICE.**  A separate order will be entered.

DONE this 28th day of January 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE